CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 18 2005

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CALVIN LOUIS MOSBY, ) | |
| Plaintiff, ) | Civil Action No. 7:05-CV-00425 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| LYNCHBURG ADULT DETENTION ) | By: Hon. Glen E. Conrad |
| CENTER, ET AL., ) | United States District Judge |
| Defendants. ) | |

Petitioner Calvin Louis Mosby, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Mosby claims that he received the wrong pill with his medication on two separate occasions. Mosby, who is incarcerated at the Lynchburg Adult Detention Center, does not request any relief. This action is now before this court pursuant to the court's screening function as set out in 28 U.S.C. § 1915A. After reviewing the complaint, the court is of the opinion that Mosby has failed to state a claim upon which relief can be granted. Therefore, the court files the complaint in forma pauperis and dismisses it without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988).

Mosby alleges that he received the wrong medication more than once and that taking the wrong medication would have put his life in jeopardy. In the attached grievances, Mosby notes that he did not take the pill that he was given. Mosby does not allege any actual harm, or state

that the Medical Department gave him the wrong pill on purpose.

In order to state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege acts sufficient to evince a deliberate indifference to a serious medical condition. Estelle v. Gamble, 429 U.S. 97 (1976). To establish deliberate indifference, a plaintiff must present facts tending to demonstrate actual knowledge or awareness of the serious medical need on the part of the named defendants. Farmer v. Brennan, 511 U.S. 825 (1994). Mere malpractice on the part of medical personnel is insufficient to state a claim under the Eighth Amendment, Estelle, 429 U.S. at 106, and questions of medical judgment generally are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975).

For a defendant to have been deliberately indifferent, he or she must have drawn a subjective inference that certain actions or a failure to take corrective action would subject plaintiff to unnecessary and significant pain and suffering or would expose plaintiff to a substantial risk of more serious injury. See Johnson v. Quinones, 145 F.3d 164 (4th Cir. 1998). Mosby has not alleged deliberate action on the part of the defendants. In addition, Mosby has not alleged any harm, or produced any evidence to suggest that the erroneous pill was dangerous to his health.

Mosby's claim does not rise to the level of a constitutional deprivation. Therefore, this court must dismiss Mosby's complaint pursuant to § 1915A(b)(1), for failure to state a claim. An appropriate order will be issued this day.

ENTER: This 18th day of July, 2005.

_____
UNITED STATES DISTRICT JUDGE

2